804 So.2d 116 (2001)
Rosalie M. BARBARIN
v.
WAL-MART STORES, INC.
No. 01-CA-669.
Court of Appeal of Louisiana, Fifth Circuit.
November 27, 2001.
Ermence Debose-Parent, New Orleans, LA, Attorney for Appellant.
Roy Beard, Geoffrey J. Orr, Metairie, LA, Attorneys for Appellee.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and CLARENCE E. McMANUS.
MARION F. EDWARDS, Judge.
Plaintiff/Appellant Rosalie Barbarin appeals the Exception of Prescription which dismissed her claim against defendant, Wal-Mart Stores, Inc. Barbarin alleges that the trial court erred in finding that Wal-Mart had not tacitly acknowledged liability for the alleged accident and lulled her into believing that liability was not contested. Barbarin further alleges that *117 the trial court applied the improper construction or interpretation of prescriptive statutes. For the following reasons, we affirm.
On December 5, 1998, Plaintiff/Appellant, Rosalie Barbarin, ("Barbarin"), was shopping on the premises of a Wal-Mart store, ("Wal-Mart"), located in Harahan, Louisiana, when she slipped and fell on a "liquid substance". Barbarin allegedly sustained injuries as a result, and sought medical treatment subsequent to the fall. For several months, Barbarin's attorney and Shirley Rogers, a claims adjuster for Wal-Mart, corresponded by mail and spoke on the telephone regarding Barbarin's claim for damages. When no settlement was reached between the parties, Barbarin filed suit in the Civil District Court for the Parish of Orleans on December 6, 1999.[1]
Wal-Mart filed a Declinatory Exception of Improper Venue, as the site of the alleged injury was located in Jefferson Parish. The case was thereafter transferred, by mutual consent of the parties, to the 24th Judicial District Court for the Parish of Jefferson. After the case had been transferred, Wal-Mart filed a peremptory Exception of Prescription asserting that the suit had been filed in the wrong venue. Wal-Mart also argued that it had not been served until after the prescriptive period had run, and that it had not made an acknowledgment of liability to Barbarin at any time.
On September 22, 2000, the trial court granted Wal-Mart's Exception of Prescription, and dismissed Barbarin's claim with prejudice. Barbarin timely filed this motion for appeal, which was granted on November 28, 2000.

Law and Analysis
On appeal, Barbarin alleges four assignments of error: 1) that the trial court erred in failing to find that Wal-Mart had tacitly acknowledged liability for her injuries; 2) that the trial court erred in failing to find that she had been lulled into believing that liability was uncontested; 3) that the trial court erred in failing to find that prescription was interrupted in November, 1999, when Wal-Mart "continuously tried to determine the amount of their liability"; and 4) that the trial court erred in misconstruing the mandate of Louisiana's prescriptive statutes.
Conversely, Wal-Mart asserts that it never tacitly acknowledged liability for Barbarin's alleged injury, nor did it "lull" Barbarin into believing that it would not contest liability. Wal-Mart further asserts that because there was no acknowledgment of liability, tacit or otherwise, interruption of prescription never occurred and therefore the trial court properly dismissed the claim as prescribed.
Louisiana Civil Code Article 3492 states in relevant part:
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from that day damage or injury is sustained.
Louisiana Civil Code Article 3462 states:
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period. *118 Where the petition on its face reveals prescription has run, the responsibility shifts to the plaintiff to show otherwise.[2] In this case, it is not disputed that Barbarin initially filed suit in an improper venue on December 6, 1999. It is also not disputed that Wal-Mart was not served with the instant suit until after the prescriptive period on the claim had run. Therefore, under La. C.C. Art. 3462, prescription was not interrupted on Barbarin's claim by the mere filing of the suit. In her first and third assignments of error, Barbarin asserts, however, that the trial court erred in failing to find that prescription had been interrupted by alleged tacit acknowledgment of liability for Barbarin's injuries by Wal-Mart, and also failing to find that liability in this case was undisputed.
In Lima v. Schmidt,[3] the Louisiana Supreme Court noted in regard to tacit acknowledgment sufficient to interrupt prescription that such an acknowledgment occurs when "a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability."[4] The Court in Lima also found that mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgments.[5]
In this case, Barbarin asserts that Wal-Mart tacitly acknowledged liability for the accident in several ways. Specifically, Barbarin argues that Wal-Mart never addressed the issue of liability during settlement negotiations, instead focusing on the amount of damages that she was entitled to. This, she concludes, indicates that Wal-Mart did not contest liability for the accident. Barbarin also claims that in November, 1999, Wal-Mart made frequent verbal contact regarding the claim, such action, in itself, indicating that the claim would be paid. Wal-Mart asserts that discussions regarding the potential settlement of Barbarin's claim did not constitute acknowledgment of liability for the claim, tacit or otherwise.
In Rosell v. ESCO,[6] the Louisiana Supreme Court held that "a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of `manifest error' or unless it is `clearly wrong,' and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable..."[7] The record contains correspondence between counsel for Barbarin and Shirley Rogers. The trial court specifically found that the correspondence from Wal-Mart to Barbarin dated January 8,1999, clearly indicates that Wal-Mart had not made a determination regarding liability for the accident. This was particularly evident to the lower court from one section of the letter, in which Rogers wrote that information requested from Barbarin, "will be considered in the determination of liability and evaluation of the claim."
Barbarin argues, however, that the trial court failed to take into account numerous verbal conversations that took place between the parties regarding the claim, and that the correspondence in evidence does not accurately reflect Wal-Mart's true intent *119 during settlement discussions, which was to acknowledge liability and settle the claim. The record indicates that the trial court was presented with information about the telephone conversations between the parties at the hearing on the exception. In its Reasons For Judgment, the trial court stated:
"... the actions of Ms. Rogers in this case amounted to a recognition of a disputed claim, not an acknowledgment of liability. The discussions between Ms. Rogers and the plaintiff's attorney were merely attempts at negotiating settlement which, under Lima v. Schmidt, [citation omitted], does not constitute acknowledgment."
After a review of the record, and in accordance with Lima, supra, we cannot say that the trial court committed manifest error in finding that no acknowledgment of liability was made by Wal-Mart. Accordingly, Barbarin's first and third assignments of error are without merit.
Barbarin next argues in her second assignment of error that the trial court erred in finding that Wal-Mart had not "lulled" her into believing that liability would not be contested. Specifically, Barbarin claims that each time her counsel contacted Wal-Mart, Wal-Mart indicated that payment for her claim would be forthcoming. Barbarin also argues that the belief that liability was not contested was further fostered by Wal-Mart not discussing alternative causes of her injuries.
On this issue, the trial court noted that in correspondence from Barbarin's attorney to Wal-Mart, dated November 17, 1999, counsel for Ms. Barbarin indicated that suit would be filed if a settlement was not reached on the claim by November 24, 1999. Based on the wording of this letter, the trial court concluded:
"The court finds that the above language suggests that the plaintiff's counsel was aware that the time for filing suit was in fact running, and was not interrupted by the discussions with Ms. Rogers. Had Ms. Rogers in fact lulled the plaintiff into believing that liability was acknowledged, thus interrupting prescription, the time for filing suit would not have been a concern in November 1999."
Counsel for Barbarin argues, however, that the mention of a lawsuit was merely language used to "move discussions along in order to avoid having to file a civil action." It can not be overlooked, however, that Barbarin actually did file suit within the prescriptive period in December, 1999. This action, in and of itself, tends to lead to the conclusion that counsel for Barbarin might not have fully believed that liability was not contested by Wal-Mart and that the prescriptive period was interrupted.
Based on the foregoing, we can not say that the trial court committed manifest error in not finding that prescription was interrupted on these grounds. This assignment is without merit.
In Barbarin's fourth assignment of error, she contends that the trial court erred in the standard it used regarding construction of prescriptive statutes. Specifically, Barbarin contends that the trial court did not view the evidence presented in the light which would have been more favorable toward maintaining the action as opposed to dismissing it. In Caro v. Bradford White Corp.,[8] this Court noted:
Louisiana Civil Code Article 3492, like all prescription statutes, is strictly construed against prescription and in favor of the obligation sought to be extinguished by it. Bouterie v. Crane, 616 *120 So.2d 657 (La.1993); Bustamento v. Tucker, 607 So.2d 532 (La.1992). The burden of proof in an exception of prescription lies with the party asserting it; however, where the petition shows on its face that it has prescribed, the burden shifts to the plaintiff to prove that the prescriptive period has been interrupted or suspended. Restrepo v. Fortunato, 556 So.2d 1362 (La.App. 5th Cir.1990), writ denied, 560 So.2d 11 (La. 1990).
As discussed in the previous assignments above, Barbarin's claim was expired on its face, and therefore the burden was upon her to show that prescription had been interrupted or suspended. Based upon the evidence provided, the trial court found that Wal-Mart had neither made an acknowledgment of liability nor "lulled" Barbarin into believing that the claim would be paid. Having failed to meet her burden, the trial court determined that Barbarin's claim was prescribed. We cannot say that the trial court committed manifest error in finding so. It also does not appear from the record that the trial court applied the improper standard in granting the Exception of Prescription and therefore, this assignment is without merit.
For the foregoing reasons, the judgment granting the Exception of Prescription is affirmed.
AFFIRMED.
NOTES
[1] December 5, 1999, one year from the date of the accident, fell on a Sunday.
[2] Lima v. Schmidt, 595 So.2d 624 (La.1992).
[3] Id.
[4] Id. at 634.
[5] Id. at 634.
[6] 549 So.2d 840, (La.1989).
[7] Id. at 844.
[8] 96-120 (La.App. 5 Cir. 7/30/96), 678 So.2d 615, 617.