HUGHES, J.
| .This is an appeal of a judgment sustaining the exception of prescription raised by defendant/appellee, Norcold Incorporated (Norcold), and dismissing the claims of the plaintiff'appellant, Safeco Insurance Company (Safeco). For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

This suit arose from a fire that erupted on May 16, 2009, inside a Monaco Coach recreational vehicle (RV). The RV was parked inside a storage garage at the time of the fire, and both were damaged in the flames. The RV was insured by a policy of insurance issued by Safeco; the garage was insured by a policy of insurance issued by Hanover Insurance Company (Hanover). Because Safeco alleged that the fire began as a result of faulty parts in the RV\s refrigerator, which was distributed by Norcold, Safeco contended that Norcold was liable to it for reimbursement of the damages it had paid under its policy.[1]
Safeco and Norcold both hired experts to inspect the damaged RV and its contents. Communications between Safeco and Norcold took place; however, Norcold did not make any payments or offers of settlement to Safeco. On June 1, 2010, more than a year after the fire, Safeco filed suit against Norcold for reimbursement. Norcold responded with an exception raising the objection of prescription. Safeco twice filed discovery requests. Norcold responded to the original requests, but did not respond to Safeco’s supplemental discovery, and Safeco filed a motion to compel.
The hearing on Norcold’s exception and Safeway’s motion was held on November 14, 2011. The trial court rendered judgment sustaining the exception and dismissing Safeco’s claims as prescribed. Because, the suit |Rwas dismissed, the court determined that Safeco’s motion to compel was moot and it was also dismissed. Safe-co appeals and assigns as error both the sustaining of the exception and the dismissal of its motion to compel.

LAW AND ANALYSIS

Safeco first alleges error in the trial court’s ruling on the exception of prescription. Normally, the exceptor bears the burden of proof regarding his exception; however, if the exception of prescription is raised and prescription is evident on the face of the pleadings, the burden shifts to the adverse party to show suspension, interruption, or renunciation. SS v. State ex rel. Dept of Social Services, 2002-0831 (La.12/4/02), 831 So.2d 926, 931 (citing Lima v. Schmidt, 595 So.2d 624, 628 (La.1992)).
Safeco alleges that Norcold is liable to it for the damages that resulted from a fire caused by defective parts in Norcold’s product. The fire occurred on May 16, 2009; Safeco filed a petition for damages against Norcold on June 1, 2010, more than one year from the time the cause of action arose. As such, on the face of the pleadings, the action appears to have prescribed. Therefore, the burden shifted to Safeco to show suspension, interruption, or renunciation of the prescriptive period. Safeco contends that its cause of action against Norcold had not prescribed at the time the suit was filed, because the one-year prescriptive period was interrupted by acknowledgement, pursuant to LSA-C.C. art. 3464, which states, “[prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe.”
*1107 Acknowledgment sufficient to interrupt prescription may be made verbally, in writing, by partial payment, by payment of interest, by pledge, or in other ways; or it may be implicit or inferred from the facts and | circumstances. Lima, 595 So.2d at 632. The essence of acknowledgment is not its form, but the debtor’s recognition of the creditor’s right to the debt claimed by him. Lima, 595 So.2d at 632; see Comment, Interruption of Prescription by Acknowledgment in Louisiana, 14 Tul. L, Rev. 430, 435 (1940). If the acknowledgement is tacit, it is necessary to ascertain that the alleged facts imply a definite admission of liability. Lima, 595 So.2d at 634. The supreme court has held the following with regard to tacit acknowl-edgement:
A tacit acknowledgement occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute ac-knowledgements. These generalizations are reflected in the host of cases addressing the issue of what constitutes a tacit acknowledgment. Our courts have added to the above generalizations other criteria that evidence an acknowledgment, including undisputed liability, repeated and open-ended reassurances of payment, and continuous and frequent contact with the creditor throughout the prescriptive period. Conversely, our courts have recognized that mere recognition of a disputed claim, conditional payments, and settlement or compromise offers or negotiations do not evidence an acknowledgement. (Footnotes omitted.)
Lima, 595 So.2d at 634.
Safeco contends that an acknowledgment is evidenced through email correspondence between its employee and an agent for Gallagher-Bassett Services, Inc. (GB), Norcold’s third-party administrator. In an effort to carry its burden, Safeco introduced the emails at the hearing, along with an affidavit of its employee, which stated as follows:
1. I am an employee of Safeco Insurance Company as a Subrogation Specialist.
2. I make this affidavit from my personal knowledge of the facts stated herein or upon information and facts available to me as a duly authorized employee of Safeco Insurance Company.
|fi3. On July 28, 2009, an e-mail was forwarded to me for review from Defendant’s claim representative, Patti Hileman White with Gallagher Bas-sett Services, Inc.
4. Said e-mail indicated that Defendant required supports for the claim and once received would negotiate a settlement and issue checks.
5. On September 29, 2009,1 had a telephone conversation with Ms. Hileman White who indicated that reimbursement from Defendant was pending a meeting of Defendant.
6. On November 2, 2009 and again on December 2, 2009 correspondence from Gallagher Bassett advised that the reimbursement was being held up because Defendant was waiting for supports from Hanover Insurance on a related claim.
7. Throughout the course of these exchanges, I believed based upon the correspondence and conversations with Gallagher Bassett that the claim was acknowledged, settlement was pending and Defendant intended to pay the claim.
*1108 8. No denial of Safeco Insurance Company’s claim was ever presented to or received by me.
s/Christina Freund, Subrogation Specialist
Safeco Insurance Company
The emails are summarized below, as follows:
1. 7/28/09 — email from GB to Safeco and Hanover advising that GB is the claims representative for Norcold and that Norcold is self-insured. GB advised that it would need to obtain all of the necessary information for the claim and then “go to [Norcold] for authority on the file. Once we have negotiated the settlements and releases, you will receive the checks directly from Norcold.”
2. 7/29/09 — email from Safeco to GB requesting confirmation that the mo-torhome and/or its contents would no longer be needed and could therefore be salvaged.
3. 7/29/09 — email response from GB to Safeco advising that its expert had already completed his inspection and thus, it had no objection to the sale of the salvage.
|fi4. 7/29/09 — email response from Safeco to GB advising that the hold preventing a sale of the RV and/or its contents had been removed.
5. 11/2/09 — email from GB to Hanover with a courtesy copy to Safeco asking Hanover about the status of the matter and advising that GB’s representative “can’t request authority on the file to take care of Safeco” until she received information from Hanover. She stated further that GB would “like to get this one moving towards settlement due to the one year statute of limitations that will run in May.”
6. 1/11/10 — email from GB to Hanover with a courtesy copy to Safeco inquiring as to the status of the matter and again requesting information so that GB could “request authority on the file. [Safeco] had their info [] to us quite some time ago and wants settlement.”
Applying the principles set forth in Lima to the instant case, the email correspondence and affidavit of Safeco’s employee do not suffice to show a tacit acknowledgment by Norcold. The emails between Safeco and GB and between GB and Hanover repeatedly stated that additional information was necessary in order for GB to request authority and begin settlement negotiations. There is no indication that the necessary information was provided to GB. Thus, no settlement offer was ever made. Notably, even had such an offer been made, the law is clear that settlement offers do not evidence an ac-knowledgement unless the offer is tendered unconditionally.
In the case of Flowers v. United States Fidelity & Guaranty Co., 381 So.2d 378 (La.1980), confusingly cited by Safeco as support for its position, the Louisiana Supreme Court ruled that conduct very similar to Nor cold’s did not amount to acknowledgment. In Flowers, a husband and wife filed an untimely action for damages they suffered as a result of an automobile accident. While the defendant insurance company had previously settled the claims of the husband and also paid some of the medical bills of the wife, its representative had repeatedly advised the wife 17that the medical reports of her doctors were necessary before an offer of settlement for her remaining claims could be made. The one year statute of limitations expired before the suit was filed, and the insurance company raised the exception of prescription, which was granted. *1109 On appeal to the Louisiana Supreme Court, the court found that neither the insurance company’s acknowledgment of the husband’s right to reimbursement of his wife’s medical expenses by making an unconditional payment, nor the insurance company’s willingness to discuss settlement with the wife were sufficient to interrupt prescription of the wife’s personal injury claim, because the statements and actions of the company’s representative failed to manifest an intent to admit liability to the wife. Flowers, 381 So.2d at 383.
Such is the case before us. While the email correspondence indicates that Nor-cold intended and was willing to discuss settlement with Safeco once the information it had requested from Hanover was received, Norcold’s statements and actions failed to manifest a definite admission of liability to Safeco. Thus, Safeco failed to meet its burden of showing that a tacit acknowledgment occurred. Therefore, it failed to show an interruption of prescription. We find no error in the trial court’s judgment sustaining the exception of prescription and dismissing Safeco’s claims.
Likewise, we cannot find error in the dismissal of Safeco’s motion to compel. At the hearing, Safeco’s attorney argued that the information requested in its supplemental discovery could have contained evidence sufficient for Safeco to show tacit acknowledgment as required. Safeco’s attorney argued that communications between GB and Hanover or GB’s internal communications may evidence a definite admission of liability for the debt. This argument must fail, however, as correctly noted by the trial court at the hearing. In order to rely on an acknowledgment of liability and Rnot timely file suit, Safeco must have possessed knowledge on which it could rely that Norcold did not dispute its liability for the damages. Obviously, Safeco could not rely on statements or actions of Norcold of which it was unaware, as would be the case with any information contained in GB’s communications with another company that were not communicated to Safeco, or to the internal communications of GB and/or Norcold. Thus, any information revealed through discovery would be of no use to Safeco. Safeco was not aware of that information and therefore could not have relied upon it in its decision not to file the lawsuit within the applicable delays. As such, we agree with the trial court that Safeco’s failure to show an interruption of the prescriptive period rendered moot its motion to compel.

CONCLUSION

For the foregoing reasons, the judgment appealed from is affirmed. Costs of this appeal are assessed to the plaintiff/appellant, Safeco Insurance Company.
AFFIRMED.

. The details of any payments made by Safeco are not contained in the appellate record.