McCLENDON, J.
The plaintiffs seek review of a judgment that granted the defendants' exception raising the objection of prescription and dismissed plaintiffs' action against the defendants. For the reasons that follow, we affirm.
*299 FACTS AND PROCEDURAL HISTORY
This suit arises out of a car accident that occurred on December 13, 2016. Jesse Stevenson and Logan Stevenson were passengers in a vehicle driven by Jacob Stevenson. As a result of the accident, the Stevensons filed suit against Anthony J. Leblanc, Jr., the other involved driver, and his insurer, Progressive Security Insurance Company, on December 14, 2017. The defendants answered the petition and filed an exception raising the objection of prescription. The plaintiffs opposed the exception, citing a series of unfortunate events as the cause of their inability to file the petition on the final day of the prescriptive period.
Plaintiffs' counsel obtained the plaintiffs' file from their previous attorney on December 13, 2017 at 2:00 p.m. As counsel was preparing the petition for filing, an electrical breaker tripped in her law office followed by a power surge. This delayed counsel's ability to complete the petition prior to 4:30 p.m., the close of the clerk of court's normal business hours. Counsel attempted to fax file the petition with the Terrebonne Parish Clerk of Court at 4:57 p.m. on December 13, 2017. She tried several more times, to no avail. Unbeknownst to plaintiffs' counsel, the Terrebonne Parish Clerk of Court's fax machines are turned off at 4:30 p.m. Consequently, the petition was not filed until December 14, 2017, the day after the prescriptive period expired.[1] Because the petition was filed "only one day late" and because the defendants were aware of the plaintiffs' claims, the plaintiffs argued that the defendants were not prejudiced by the delinquent filing and, therefore, the exception should be denied.[2]
The plaintiffs further argued that the exception should be denied because Progressive interrupted prescription by acknowledging its obligation, and since Progressive and Leblanc are solidary obligors, Progressive's acknowledgment also interrupted prescription against Leblanc. To support this argument, the plaintiffs relied on letters sent by Progressive to the plaintiffs' prior counsel on April 4, 2017 and June 20, 2017.[3] In its April 2017 letters, Progressive acknowledged the letter of representation received on behalf of each plaintiff and stated, "In order to properly evaluate your client's claim, please forward to us copies of supporting documentation as you receive it." Similarly, in June 2017, Progressive requested documentation to complete its investigation of the plaintiffs' claims for medical and economic damages. At that time, Progressive also advised the plaintiffs of its insured's policy limits. According to the plaintiffs, this communication, coupled with Progressive's failure to expressly deny liability, amounted to an acknowledgment of the plaintiffs' rights against the defendants which served to interrupt prescription. The defendants disputed this contention, arguing that Progressive's effort to obtain information and potentially negotiate a settlement was not an acknowledgment of any alleged obligation owed to the plaintiffs.
The trial on the exception took place on March 19, 2018. The trial court rejected the plaintiffs' arguments, particularly finding that Progressive did not acknowledge an obligation allegedly owed to the plaintiffs, *300 and granted the defendants' exception, dismissing the plaintiffs' suit. A judgment was signed on April 11, 2018.
The plaintiffs appealed, asserting that the trial court erred in granting the exception of prescription, because: (1) the plaintiffs attempted to timely file the petition before the accrual of prescription, (2) the defendants interrupted prescription by acknowledging their obligation to the plaintiffs, and (3) the rules of procedure are not "intended to be an end in themselves" and there would be no injustice against the defendants by maintaining the action.
DISCUSSION
The objection of prescription may be raised by a peremptory exception. LSA-C.C.P. art. 927A(1). Ordinarily, the party urging an exception of prescription bears the burden of proving that the prescriptive period has elapsed. However, if the plaintiff's claims are prescribed on the face of the petition, the burden shifts to the plaintiff to prove that the prescriptive period has not elapsed. Calloway v. Lobrano, 16-1170 (La.App. 1st Cir. 4/12/17), 218 So.3d 644, 650. Evidence may be introduced to support or controvert an exception of prescription. LSA-C.C.P. art. 931. When evidence is introduced and evaluated at the trial of an exception of prescription, the trial court is not bound to accept as true the allegations of the plaintiff's petition, and an appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions. Krolick v. State ex rel. Dep't of Health & Human Res., 99-2622 (La.App. 1st Cir. 9/22/00), 790 So.2d 21, 25, writ denied. 00-3491 (La. 2/9/01), 785 So.2d 829. See also Calloway, 218 So.3d at 650. Pursuant to this standard, the trial court's ruling must be affirmed unless a reasonable factual basis does not exist for the finding of the trial court, and the record establishes that the finding is clearly wrong. The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La. 1993).
The prescriptive period applicable in the case sub judice is the one-year liberative prescription for delictual actions, commencing the day the injury or damage is sustained. LSA-C.C. art. 3492. This statute, like all prescription statutes, is strictly construed against prescription and in favor of maintaining the cause of action. Martin v. Decker, 07-1838 (La.App. 1st Cir. 3/26/08), 985 So.2d 752, 755, writ denied. 08-1405 (La. 10/3/08), 992 So.2d 1014. The accident giving rise to the instant suit occurred on December 13, 2016; therefore, the Stevensons' petition, filed on December 14, 2017, was prescribed on its face. Accordingly, the plaintiffs bore the burden of proof to show that the action was not prescribed. Hanley v. Allstate Ins. Co., 18-0433 (La.App. 1st Cir. 11/28/18), 267 So.3d 110, 112-13, 2018 WL 6204949, *2.
ASSIGNMENTS OF ERROR ONE AND THREE: Attempt to File and Lack of Prejudice
Prescription is interrupted when the obligee commences an action against the obligor in a court of competent jurisdiction and venue. LSA-C.C. art. 3462. A civil action is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. LSA-C.C.P. art. 421.
Louisiana Code Civil Procedure art. 253 provides, in part:
A. All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, *301 shall be delivered to the clerk of the court for such purpose. The clerk shall endorse thereon the fact and date of filing and shall retain possession thereof for inclusion in the record, or in the files of his office, as required by law. The endorsement of the fact and date of filing shall be made upon receipt of the pleadings or documents by the clerk and shall be made without regard to whether there are orders in connection therewith to be signed by the court.
B. The filings as provided in Paragraph A of this Article and all other provisions of this Chapter, may be transmitted electronically in accordance with a system established by a clerk of court. When a clerk of court establishes such a system, he shall adopt and implement procedures for the electronic filing and storage of any pleading, document, or exhibit. The official record shall be the electronic record. A pleading or document filed electronically is deemed filed on the date and time stated on the confirmation of electronic filing sent from the clerk of court. Public access to electronically filed pleadings and documents shall be in accordance with the rules governing access to written filings. [Emphasis added.]
Similarly, Louisiana's fax filing statute, LSA-R.S. 13:850, provides, in part:
A. Any document in a civil action may be filed with the clerk of court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time the facsimile transmission is received by the clerk of court. No later than on the first business day after receiving a facsimile filing, the clerk of court shall transmit to the filing party via facsimile a confirmation of receipt and include a statement of the fees for the facsimile filing and filing of the original document. The facsimile filing fee and transmission fee are incurred upon receipt of the facsimile filing by the clerk of court and payable as provided in Subsection B of this Section. The facsimile filing shall have the same force and effect as filing the original document, if the filing party complies with Subsection B of this Section. [Emphasis added.][4]
As the defendants point out, neither LSA-C.C.P. art. 253 nor LSA-R.S. 13:850 require Louisiana clerks of court to accept electronic filings after the close of business. Instead, the legislature has given clerks of court broad discretion to develop and implement electronic filing procedures appropriate for the needs of their parish and the court's capabilities. For instance, the Deputy Clerk for the Terrebonne Parish Clerk of Court explained, via affidavit submitted by the plaintiffs, that the clerk's fax machines are turned off at 4:30 p.m. because the machines "encounter problems, such as paper jams, with high volume filings being filed after hours." The *302 Deputy Clerk further advised that the fax machines may be left on or an employee of the clerk's office may remain at the office after the close of business if an attorney advises the clerk's office that she intends to file a pleading after 4:30 p.m. Plaintiffs' counsel apparently did not contact the clerk's office prior to the close of business on December 13, 2017 to inquire about the clerk's procedure. Counsel admits that "a simple telephone call to the Terrebonne Parish Clerk of Court's Office would have been able to cure the dilemma."
Jurisprudence interpreting LSA-R.S. 13:850 demands mandatory satisfaction of the statute's requirements. See Taylor v. Bayou Fabricators, 09-0317 (La.App. 1st Cir. 9/11/09), 22 So.3d 186, 189 ; Smith v. St. Charles Parish Public Schools, 17-475 (La.App. 5th Cir. 5/1/18), 246 So.3d 821, 825 writ denied, 18-1001 (La. 10/8/18), 253 So.3d 802 ; Antoine v. McDonald's Restaurant, 98-1736 (La.App. 3rd Cir. 5/5/99), 734 So.2d 1257, 1260, overruled on other grounds by Hunter v. Morton's Seafood Restaurant & Catering, 08-1667 (La. 3/17/09), 6 So.3d 152.[5]
Louisiana Revised Statute 13:850(A) unambiguously provides that the filing will not be deemed complete until the clerk of court receives the facsimile transmission. When a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. LSA-R.S. 1:4. Borcik v. Crosby Tugs, L.L.C., 16-1372 (La. 5/3/17), 222 So.3d 672, 675. This court recently confirmed that a facsimile transmission is deemed timely, even if transmission is received after the regular business hours of the clerk's office, so long as the transmission is before the midnight deadline of the delay period.[6] See Brehm v. Amacker, 15-1531 (La.App. 1st Cir. 12/7/17), 236 So.3d 621, 629. Here, it is undisputed that the plaintiffs did not attempt to fax file the petition prior to 4:30 p.m. when the clerk's office closed. It is further undisputed that the clerk's office never received the fax transmission. In fact, the clerk's office did not receive the petition until it was hand-delivered the day after prescription expired. Under these facts, we cannot find that the plaintiffs' failed attempt to fax file the petition was sufficient to interrupt prescription.
The plaintiffs cite Antoine; Ruello-Nicaud v. Allstate Ins. Co., 98-0610 (La.App. 4th Cir. 4/15/98), 714 So.2d 55, writ denied, 98-1308 (La. 6/26/98), 719 So.2d 1062 ; and Lloyd v. Monroe Transit Auth. ex rel. City of Monroe, 50,292 (La.App. 2nd Cir. 1/13/16), 185 So.3d 866, writ denied sub nom., Lloyd v. Monroe Transit Auth. ex rel. City of Monroe, 16-0277 (La. 4/8/16), 191 So.3d 585, and urge this court to follow precedent from the Second, Third, and *303 Fourth Circuits, which they contend holds that an attempt to timely fax file the petition is sufficient to interrupt prescription. Upon our review of these cases, we find that neither Antoine nor Ruello-Nicaud support the plaintiffs' position. Further, we decline to follow Lloyd, finding it to be in direct conflict with the clear requirement of LSA-R.S. 13:850(A) that the document be received by the clerk of court for facsimile filing to be deemed complete.
In Antoine and Ruello-Nicaud, the plaintiff's petition was actually transmitted to the clerk's office prior to the expiration of the prescriptive period. Neither court addressed the issue of whether an unsuccessful attempt to fax file was sufficient to interrupt prescription. In Antoine, the Third Circuit concluded that, had the plaintiff satisfied the remaining requirements of LSA-R.S. 13:850, the fax filed petition would have interrupted prescription because it was timely received by the clerk's office. The court further found that the purpose of the statute is carried out by looking to the fax filing as complete for prescription purposes upon receipt of the transmission by the clerk's office. Antoine, 734 So.2d at 1260. In Ruello-Nicaud, the Fourth Circuit held that suit was commenced, for purposes of LSA-C.C. art. 3462, when the plaintiff successfully faxed the petition to the clerk's office at 5:20 p.m. on the last day of the prescriptive period. Although the clerk's office did not send receipt of the fax within the prescriptive period, the court found that prescription was timely interrupted.[7] Ruello-Nicaud, 714 So.2d at 56.
Lloyd appears to be the only Louisiana case where an unsuccessful attempt to fax file a petition on the final date of the prescriptive period was deemed sufficient to interrupt prescription. In Lloyd, counsel first attempted to fax file the petition at 4:24 p.m., before the close of business.[8] The clerk's fax machine was busy at the time, so counsel attempted to resubmit the fax throughout the evening, without success. Counsel was unaware of the clerk of court's procedure to turn off the fax machine at the close of regular business hours. Lloyd, 185 So.3d at 867. As a result, the petition was not filed until the following day, after the expiration of the prescriptive period. The trial court denied the defendants' exception of prescription, finding that the actions of the clerk's office regarding the operation of its fax machine were beyond the plaintiff's control and operated to shorten the prescriptive period. Id. at 868. The Second Circuit affirmed the judgment of the trial court and reasoned that, once the clerk has implemented electronic filing capabilities and procedures for its office, "the official record shall be the electronic record." Id. at 870, citing LSA-C.C.P. art. 253(B). The appellate court found that the electronic record established that the plaintiff elected to use the fully authorized electronic filing system in a timely manner. Id. at 870-71.
As previously discussed, we find Lloyd to be in conflict with the clear and unambiguous language of LSA-R.S. 13:850(A). In doing so, we recognize the inequity in the current law that allows clerks of court in Louisiana the discretion to implement electronic filing procedures that are not uniform. Revision of the statutes for electronic *304 filing procedures is needed to ensure uniformity across the state in order to eliminate the possibility that an attempt to fax file a petition at 4:57 p.m. will be unsuccessful, and, therefore, untimely, because the clerk's fax machine was turned off at 4:30 p.m. Under the current law that same 4:57 p.m. filing may have been timely in another clerk's office. This is inequitable and unjust; nevertheless, we are constrained to follow the current law.
The plaintiffs also argue that the purpose of the rules of prescription, i.e. avoiding prejudice to defendants by requiring them to defend a stale claim, is not advanced in this instance since the defendants were aware of the plaintiff's claims and suit was filed the day after the prescriptive period expired. We find this argument unpersuasive.
In Flowers v. U.S. Fid. & Guar. Co., 381 So.2d 378 (La. 1979), the Louisiana Supreme Court, on rehearing, affirmed the lower courts' grant of the defendants' exception of prescription. There, the plaintiff filed suit less than one month following the expiration of the prescriptive period. Id. at 381. The defendant was aware of the plaintiff's claim and participated in settlement negotiations prior to the expiration of the prescriptive period. Nevertheless, the supreme court found the claims were prescribed, without discussing whether the defendant was prejudiced by the untimely filing. Id. at 383. See also Safeco Ins. Co. v. Norcold, Inc., 12-0755 (La.App. 1st Cir. 2/25/13), 113 So.3d 1104. Safeco insured an RV that erupted in fire allegedly due to faulty refrigerator parts, which were distributed by Norcold. An investigation ensued throughout the year following the fire, during which the parties communicated, until Safeco ultimately filed suit against Norcold for reimbursement of funds paid on the claim. Although Safeco's suit was filed less than fifteen days past the expiration of the prescriptive period, this court nonetheless affirmed the judgment of the trial court maintaining Norcold's exception of prescription without regard to whether the defendant was prejudiced. Safeco Ins. Co., 113 So.3d at 1109. Similarly, in Barbarin v. Wal-Mart Stores, Inc., 01-669 (La.App. 5th Cir. 11/27/01), 804 So.2d 116, the parties had numerous discussions about the plaintiff's claims prior to the expiration of the prescriptive period. The plaintiff timely filed suit, in the wrong venue, on the final day of the prescriptive period. Id. at 117. Therefore, the court found that, pursuant to LSA-C.C. art. 3462, prescription was not interrupted.[9] Id. at 118. After the suit was transferred to the proper venue, the trial court granted the defendants' exception of prescription, and the court of appeal affirmed. Id. at 120. Again, the defendant was not required to establish prejudice.
In light of the clear and unambiguous requirements of LSA-R.S. 13:850(A) and the record before the court, we find no manifest error and agree with the trial court's conclusion that prescription was not interrupted by the plaintiffs' failed attempt to fax file the petition after the close of business on the final day of the prescriptive period.
ASSIGNMENT OF ERROR TWO: Acknowledgment
In their final assignment of error, the plaintiffs contend that the defendants interrupted *305 prescription by acknowledging their obligation to the plaintiffs. This argument lacks merit.
An acknowledgement is the recognition by the debtor of the creditor's right that halts the progress of prescription before it has run its course. Acknowledgement interrupts prescription before it has expired, with the prescriptive period beginning to run anew from the time of the interruption. Bracken v. Payne and Keller Co., Inc., 06-0865 (La.App. 1st Cir. 9/5/07), 970 So.2d 582, 588-89. See also LSA-C.C. art. 3464, "Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe." An acknowledgment involves an admission of liability, either through explicit recognition of a debt owed, or through actions of the debtor that constitute a tacit acknowledgement. Acknowledgement may be made verbally, in writing, by partial payment, by payment of interest or by pledge, or in other ways; or it may be implicit or inferred from the facts and circumstances. Id. at 588.
The supreme court has held the following with regard to tacit acknowledgment:
A tacit acknowledgement occurs when a debtor performs acts of reparation or indemnity, makes an unconditional offer or payment, or lulls the creditor into believing he will not contest liability. Conversely, mere settlement offers or conditional payments, humanitarian or charitable gestures, and recognition of disputed claims will not constitute acknowledgements. These generalizations are reflected in the host of cases addressing the issue of what constitutes a tacit acknowledgment. Our courts have added to the above generalizations other criteria that evidence an acknowledgment, including undisputed liability, repeated and open-ended reassurances of payment, and continuous and frequent contact with the creditor throughout the prescriptive period. Conversely, our courts have recognized that mere recognition of a disputed claim, conditional payments, and settlement or compromise offers or negotiations do not evidence an acknowledgement. (Footnotes omitted.)
Lima v. Schmidt, 595 So.2d 624, 634 (La. 1992), superseded by statute on other grounds. In Safeco, this court found that emails with language and requests for information similar to what was contained in Progressive's letters to the plaintiffs was not a tacit acknowledgment. Based on similar facts, the Louisiana Supreme Court reached the same result, on rehearing, in Flowers. See Flowers, 381 So.2d at 381-382. Like the defendants in these cases, Progressive did nothing more than acknowledge the existence of disputed claims and request additional information to assist it in evaluating those claims.
After a review of the record, and in accordance with this court's precedent, as well as Lima and Flowers, we cannot say that the trial court was manifestly erroneous in finding there was no acknowledgment of liability by the defendants.
CONCLUSION
For the foregoing reasons, we affirm the trial court's April 11, 2018 judgment that granted the defendants' exception raising the objection of prescription and dismissed the plaintiffs' action against Progressive Security Insurance Company and Anthony J. Leblanc, Jr. Costs of this appeal are assessed against the plaintiffs, Jacob Stevenson and Jesse Stevenson, individually and on behalf of his minor son, Logan Stevenson.
AFFIRMED.

The petition was hand-delivered for filing with the clerk of court on December 14, 2017.

The defendants did not allege prejudice and did not; specifically respond to this argument before the trial court.

The plaintiffs' exhibits were admitted at the trial on the exception, over the defendants' objection based on relevancy and hearsay.

We note the inconsistency between LSA-C.C.P. art. 253, which provides that an electronically filed document is deemed filed on the date and time stated on the confirmation of electronic filing sent from the clerk of court, and LSA-R.S. 13:850(A), which states that the filing will be deemed complete at the time the facsimile transmission is received by the clerk of court. However, based on the facts presented in this case, we need not address this issue.

When Hunter was decided, LSA-R.S. 13:850(B) stated, "Within five days, exclusive of legal holidays, after the clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:..." [Emphasis added.] The Louisiana Supreme Court interpreted "forward" to mean "send" the document, so the statute was satisfied when the plaintiff sent the original to the clerk's office. Hunter, 6 So.3d at 157. By LA Acts 2016, No. 109, § 1, the legislature subsequently amended LSA-R.S. 13:850(B) in 2016 to state, "... all of the following shall be delivered to the clerk of court:..." [Emphasis added.] Although we do not search for legislative intent in our interpretation of the clear and unambiguous wording of LSA-R.S. 13:850(A), we note this clear expression of the legislature to require receipt of all referenced documents by the clerk's office.

The remaining requirements of LSA-R.S. 13:850, which are not relevant here, must also be satisfied in order for the transmission to be deemed timely. See Brehm , 236 So.3d at 629.

At the time, LSA-R.S. 13:850(A) provided, "Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court."

Louisiana Revised Statute 13:756 provides, in part, "Each of the clerks of the district courts and ex officio recorders shall keep their offices open from 8:30 A.M. to 4:30 P.M. every day except Saturdays, Sundays, legal holidays, and in cases of public emergency."

Louisiana Civil Code article 3462 provides:
Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.