CARAWAY, J.
hWe granted supervisory review of the trial court’s denial of an exception- of prescription con'cerning a tort suit, which was attempted to be filed electronically by facsimile on the last date of the prescriptive period. The transmission was not confirmed as received by the’ clerk of court’s fax machine until the next morning, and the petition was then received and a suit number assigned. From Our review of the statutory provisions for such electronic filings, we conclude with-the trial court that prescription was properly interrupted under the facts of this case and affirm.

Facts

'■ On May 1, 2013, disabled and wheelchair bound, Detrand Lloyd rode as a guest passenger on a Monroe city bus when the bus braked, causing him to fall out of his wheelchair onto the floor of the bus. As a result of the fall, Lloyd suffered injury including a fractured tibia.
Lloyd attempted to institute his negligence action on the one-year anniversary date of the accident, May 1, 2014. He sued the Monroe Transit Authority through the City of Monroe and Travelers Indemnity Company of America (“Travelers”), as liability insurer. To file the petition, plaintiffs counsel attempted a facsimile (“fax”) filing beginning at 4:24 p.m., before the end of the business day on May 1, 2014. Other attempts continued into the evening. However, receipt of the doc *867 ument by the clerk, of court via fax was not made until the following morning. Defendants concede that it is the practice of the subject clerk of court to turn off the fax machine at the close of regular business hours.
|2Upon receipt of the fax at 8:44 a.m. the next day, the clerk stamp filed the petition on May 2, 2014. A confirmation of the fax filing and request for original petition and filing fees on May 2, 2014, was provided to counsel by the clerk of court.[1]
The defendants filed an Exception of Prescription seeking dismissal of the suit on the grounds that it was filed more than one year after the accident and thus barred by La. C.C. art. 3492 providing a one-year prescriptive period for delictual actions.[2] Defendants argued that the filing of the suit on May 2, 2014, when the petition alleged the accident date of May 1, 2013, evidenced on the face of the pleadings that prescription had run.
Lloyd opposed the prescription exception, arguing that before the end[1] of the business day on May 1, 2014, counsel attempted to fax file the petition, but “due to circumstances beyond the control” of counsel, receipt of the petition by the clerk of court was not made until the morning of May 2, 2014. A busy signal was reflected on the, attempted fax transmissions. Lloyd also argued that counsel continued to attempt to fax the filing after business hours but before midnight to no- avail as the machine continued to give a busy result.
Additionally, Lloyd included the following documentation, evidencing the attempts by counsel to file the action on May 1:
|⅞1) An affidavit of "a" paralegal which indicated that he had called the Ouachita Parish Clerk’s office on the afternoon 'of May 1, 2014 to confirm the fax number and the 4:30 p.m. closing time. The paralegal was also informed that if another fax was being sent at the same time, the machine “may not” receive the fax.
2) A.copy.of the initial communication result report from counsel’s fax machine which showed the initial attempt by counsel to fax the pleading to the clerk’s office on May 1, 2014 at, 4:24 p.m. The document showed five attempts by counsel to, complete the transmission and five corresponding E-2 codes, which according to the document reflected a busy error.
3) Copies of the 10 additional unsuccessful communication reports of May 1, 2014 (from 4:34-7:03 p.m.) reflecting five attempts on each and an additional one of the morning-of. May 2, 2014 at 8:15 a.m., showing another five attempts. Notably all but one of the 55 attempts made by counsel reflected an E-2 error. Only on the 5:25 p.m. attempt did one E-3 error appear, indicating No Answer.
4) A copy of the final successful communication report of May 2, 2014 at 8:46 a.m. which showed an “OK” result.
At the- December 2014 hearing, both sides submitted the issue of prescription on briefs, ■ exhibits and. the argument of counsel. The parties stipulated to the fact *868 that the plaintiff validly fax filed the petition which was stamp filed May 2, 2014, and that the prescriptive period would have run as of 11:59 p.m. on- May 1, 2014. The parties also agreed that on the face of the pleadings, the prescriptive period had run and it was- plaintiffs burden to show suspension or interruption.
' After considering the submitted documentation and arguments of counsel, the trial court overruled the defendants’ exception in oral Reasons for judgment, finding that the action: by the clerk’s office regarding the operation of its fax machine was beyond the plaintiffs control and operated to shorten the prescriptive period. A written judgment followed on March 3, 2015.’ The |4defendants sought supervisory reviéw ' of the ruling which this court gianted and docketed for argument on August 5,2015.

Discussion

- In brief, defendants first urge the application of de novo review on the grounds that the trial court made no factual determination in this case.[3] Specifically defendants argue that the court erroneously ruled as a matter of law that the clerk was required to keep the fax machine operating after hours.
Defendants also argue that the trial court erred in denying the exception because prescription is interrupted only when the fax is received by the clerk, not by any attempt to fax the document. Because the'fax was not received until May 2, 2104, defendants contend that the case had prescribed.
Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained. La. C.C. art. 3492; Titus v. IHOP Restaurant, Inc., 09-951 (La.12/1/09), 25 So.3d 761. Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it; thus, of two possible constructions, that which favors maintaining, as opposed to barring an action, should be adopted. Wells v. Zadeck, 11-1232 (La.3/30/12), 89 So.3d 1145; Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261. In relevant part, La. C.C. art. 3454 provides that prescription accrues only upon the expiration of the last day of the prescriptive period, Land if that day is a legal holiday, prescription accrues upon the expiration of the next day that is not a legal holiday.
La. C.C.P. art. 421 states that a civil action is a demand for the enforcement of a right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction. Prescription is interrupted when the. obligee commences action against the obligor, in .a court of competent jurisdiction and venue. . See La. ■C.C. art. 3462.
The jurisprudence has long defined the filing of an action as the depositing of a suit with the clerk or one of his deputies. Wiggins v. Arkansas Louisiana Gas Co., 441 So.2d 803 (La.App. 2d Cir.1983); Ellzey v. Employers Mut. Liability Ins. Co., 388 So.2d 843 (La.App. 2d Cir.1980), writ denied, 394 So.2d 617; Johnson v. State Farm Mut. Auto. Ins. Co., 241 So.2d 799 *869 (La.App. 3d Cir.1970); Cupples v. Walden, 124 So.2d 613 (La.App. 3d Cir.1960).
La. C.C.P. art. 253 provides for the filing of pleadings with the clerk of court as follows in relevant part:
A. All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of the court for such purpose. The clerk shall endorse thereon the fact and date of filing and shall retain possession thereof for inclusion in the record, or in the files of his office, as required by law. The endorsement of the fact and date of filing shall be made upon receipt of the pleadings or documents by the clerk and shall be made without regard to whether there are orders in connection therewith to be signed by the court.
B. The filings as provided in Paragraph A of this Article and all other provisions of this Chapter, may be transmitted electronically in accordance with a system established by a clerk of court. When a clerk of court establishes such a system, he shall adopt and implement procedures for the electronic filing and storage of any pleading, document, or exhibit. ' The official record shall be the electronic |fireeord. A pleading or document filed electronically is deemed filed on the date and time stated'on the confirmation of electronic filing sent from the clerk of court. Public access to electronically filed pleadings and documents shall be in accordance -with the rules governing access to written filings!
Additionally, La. R.S. 13:850 sets forth the procedure for filing by facsimile transaction as follows in relevant part:
A. Any paper in a civil action may be filed with the court by facsimile transmission. All. clerks of court shall make available for their use equipment to. accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and" a receipt of transmission has been transmitted =to the sender by the clerk of court. The facsimile when filed has the same'force and éffect as the original.
B. Within seven days, exclusive of legal holidays, after the ■ clerk of court has received the transmission, the party filing the document shall forward the following to the clerk:
(1)- The original signed document.
(2) The applicable filing fee, if any.
(3) A transmission fee of five dollars.
"C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force- or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
Our review of this matter starts with other cases involving fax-filing disputes. In Ruello-Nicaud v. Allstate Ins. Co., 98-0610 (La.App. 4th Cir.4/15/98), 714 So.2d 55, writ denied, 98-1308 (La.6/26/98), 719 So.2d 1062, the plaintiffs tort claim prescribed at midnight on October 6, 1997. At 5:20 p.m, on that date, plaintiff fax filed the petition to the clerk’s office, but it was the following day that the clerk’s office faxed a receipt of transmission to plaintiffs. An exception of prescription argued that the “filing” of suit’did not take place because the fax receipt was not received by plaintiff within the |'7prescriptive period. In construing the prescriptive law strictly against prescription, the court ruled in favor of the claimant’s timely filing on the date the fax was. sent.
In Antoine v. McDonald’s Restaurant, 98-1736 (La.App. 3d Cir.5/5/99), 734 So.2d 1257, the plaintiff was injured in a slip and fall on March 17, 1996. She filed suit via *870 fax which was received on the clerk of court’s fax machine at 10:52 p.m. on March 17, 1997, but the fax filing was not stamped, received by the clerk of court until the next morning. An exception of prescription was filed by defendants. The court granted the exception thereby dismissing the suit, specifically finding that the fax transmission of the petition after hours in the evening of March 17 did not interrupt prescription, On appeal, the court affirmed the tidal court judgment on the grounds that plaintiff failed to file the original signed petition and required $5.00 transmission fee,[4] but disagreed with the determination that the after hours fax filing did not interrupt prescription. The court determined that La. R.S. 13:850 did not require that the transmission be received during regular working hours and that prescription did not extinguish plaintiffs claim until midnight of March 17, 1997. Further, the court concluded that the failure of the clerk to issue that office’s actual acknowledgment of the filing on March 17 did not affect the date of the fax filing. The court declined to interpret La. R.S. 13:850 as requiring the fax filing to be complete upon the happening of both the clerk’s receipt of the transmission and its later verification of receipt. |sThe court ruled that the purpose of the statute was carried out by “looking to the fax filing as complete for prescription purposes upon receipt of the transmission by the clerk’s office.” The court concluded that the plaintiffs actions “could have interrupted prescription on her cause of action had the remaining mandatory statutory requirements for fax filing been met.”
Unlike the proof of .confirmation of the clerk’s electronic receipt of the pleading in Antoine, the clerk’s fax machine in this dispute gave no confirmation, only a “busy” notification.. Lloyd’s attorney’s fax machine produced confirmation documentation only of a “busy” status for the clerk’s machine, and such confirmations spanned from the first attempt at 4:24 p.m. until the last at 7:03 p.m. on May 1, 2014.
■ While the present case is-therefore distinguished in that regard from Antoine, we nevertheless agree with the Third Circuit’s conclusion that the fax transmission need not be received during regular working hours so Tong as a transmission occurred before' midnight on the final date for the running of a prescriptive period. Thus, the question presented here is whether Lloyd’s documented fax filing attempts before and after the legal closing time on the final date of the prescriptive period should serve to interrupt prescription.
Once the clerk has implemented electronic filing capabilities and procedures for its office, “the official record shall be the electronic record.” La. C.C.P. art. 253(B). The electronic record in this case does clearly establish that Lloyd attempted to use the clerk’s fax facility. Exactly why the “busy” response occurred is unclear. The machine, at 4:24 p.m., may have 19been receiving another fax transmission. Later, the machine was apparently turned off, but that would not have been made clear to Lloyd’s counsel by the continuous “busy” notifications.
The argument can be made that.Lloyd should have been more diligent and persistent with the filing efforts, on May 1 and been prepared for an alternate plan to complete the filing within the clerk’s regular hours or possibly thereafter through some direct contact with the .clerk. Nevertheless, Lloyd elected to use. the fully *871 authorized electronic filing within a timely manner. Since we agree that such electronic filing should be deemed proper even when receipt of the fax transmission occurs after business hours, the clerk’s actual. registry of the filing as. a new suit record would not be necessary on the date of the electronic filing. That registering of the new suit record did in fact occur in that manner in this case, one day after the electronic record recorded Lloyd’s actions, and the suit proceeded with service and notice to defendants in the usual manner.
From this, assessment of Lloyd’s efforts on May 1, we find that the electronic record supports the conclusion that the actions for interruption of prescription occurred timely..

Conclusion

The ruling of the trial court denying the exception of prescription is affirmed. Costs of this proceeding are assessed to defendants/applicants.
WRIT GRANTED; AFFIRMED.

. It is undisputed that the original petition was received by the clerk’s office on May 8, 2014, along with the required filing fee, cover letter and fax transmittal sheet. In the cover letter dated May 7, 2014, counsel requested the clerk of court to stamp the petition as being filed on May 1, 2014, due to the numerous attempts made by counsel to fax the document on that date.

, Attached to defendants’" memorandum in support of the exception was a copy of the accident report

. When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court’s findings of fact on the issue.of prescription -. are'subject to, the manifest error — clearly wrong standard of review. Specialized Loan Servicing, LLC v. January, 12-2668 (La.6/28/13), 119 So.3d 582; London Towne Condominium Homeowner's Ass’n v. London Towne Co., 06-401 (La. 10/17/06), 939 So.2d 1227. However, when the sole issue before the court is legal (such as the interpretation of a statute), it is .reviewed under a de novo standard of review. Specialized Loan, supra.

. We note that in Hunter v. Morton’s Seafood Restaurant & Catering, 08-1667 (La.3/17/09), 6 So.3d 152, the Louisiana Supreme Court disagreed with Antoine's ruling on the requirements for forwarding the original petition, filing and transmission fees.