NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-742 consolidated with 22-772

IN RE: P.C.C. AND

V.R.C. FOR THE INTRA-FAMILY

ADOPTION OF N.L.B.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. A-2022-0012
HONORABLE C. KERRY ANDERSON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GUY E. BRADBERRY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Candyce G. Perret, Guy E. Bradberry, and Wilbur L. Stiles, Judges.

**AFFIRMED.**

**David L. Wallace**
**518 North Pine Street**
**DeRidder, LA 70634**
**(337) 462-0473**
**COUNSEL FOR APPELLEES:**
**P.C.C.**
**V.R.C.**

**Michael Scott Harper**
**105 North Stewart Street**
**DeRidder, LA 70634**
**(337) 436-5532**
**COUNSEL FOR OTHER APPELLEE:**
**N.L.B. - child**

**James Edward Sudduth III**
**Sudduth & Associates**
**1109 Pithon Street**
**Lake Charles, LA 70601**
**(337) 480-0101**
**COUNSEL FOR APPELLANT:**
**J.L.B. - father**

**BRADBERRY, Judge.**

J.L.B. appeals the decision of the trial court below terminating his parental rights and approving the intrafamily adoption of N.L.B. by his maternal grandparents, P.C.C. and V.R.C. (herein after collectively referred to as "the grandparents"). For the following reasons, we hereby affirm the decision of the trial court.

The facts surrounding this case began in February of 2019, when J.L.B. severely beat his child, N.L.B. J.L.B. was initially charged with felony child abuse, and custody was granted by the trial court to the grandparents. J.L.B. was denied visitation with N.L.B., as the trial court found the best interest of the child lay in separation from his father and that visitation would result in substantial harm to the child. In denying visitation, the trial court noted that N.L.B. suffered severe bruising over most of his lower body, lost consciousness, and even suffered difficulty breathing, to the point that 911 needed to be called.

Roughly three years later, the grandparents filed a petition for intrafamily adoption. J.L.B. did not file a timely objection, and the trial court terminated his parental rights. At the hearing for the adoption, a then fifteen-year old N.L.B. voiced his desire to be adopted by his grandparents and to change his name. The trial court granted the grandparents' petition for adoption and ordered that N.L.B.'s name be officially changed to that of the grandparents. From that decision, J.L.B. appeals.

On appeal, J.L.B. asserts two assignments of error. He first claims that the trial court erred in granting the petition for adoption, asserting it lacked statutorily required information. Secondly, he claims the trial court erred in granting the adoption without considering his untimely filed opposition. We disagree.

J.L.B. first claims the trial court erred in granting the petition for adoption, asserting that the petition failed to list the address of the grandmother, V.R.C., as

required by Louisiana Children's Code Article 1246. That article reads, in pertinent part: "The petition or an attached exhibit shall state: (1) The full name, address, age, occupation, and marital status of *each* petitioner." La.Ch.Code art. 1246 (emphasis ours). The petition here clearly lists the grandfather's address, but V.R.C.'s is not specifically stated. However, the petition is crystal clear, on multiple occasions, that the grandparents are married and have been since 1990, clearly indicating that the couple resides in the same home. Moreover, J.L.B. was fully factually aware the couple lived at the same address, as he had known the couple raising his child for years before this case began. Further, the trial court, who worked on this case for multiple years, was also aware of the couple's living situation.

J.L.B. cites *In re T.M.L.*, 06-1442, p.3 (La.App. 1 Cir. 12/28/06), 951 So.2d 364, 366, for the proposition that "adoption is a creature of statute and all of the statutory requirements must be strictly carried out otherwise the adoption is an absolute nullity." However, in that matter, the first circuit noted that the "Louisiana Children's Code article 1255 also mandates that the basic consideration of the court with regard to intrafamily adoptions 'shall be the best interests of the child'[,]" and that in a disputed case such as that one, the child's individual best interests required protection by independent legal representation. *Id.* There, the trial court had not appointed independent counsel to represent the child, a much more serious consideration than the failure to list a redundant and known address. Accordingly, we find that case inapplicable to the matter at hand.

Likewise, J.L.B. cites *In re Boyd for Intra Family Adoption of A.E.C.*, 54,807 (La.App. 2 Cir. 9/21/22), 349 So.3d 1035, for the proposition the trial court abused its discretion when it granted the intrafamily adoption, where all statutory requirements were allegedly not complied with. However, we also find that case to

2

be distinguishable, as in that matter, the crucial issue was that the mother was not given the special adoption notice required by La.Ch.Code art. 1247 and, therefore, did not know she was required to respond within fifteen days. Here, J.L.B. received the required notice, and as we will address later, was fully aware of the time to file an opposition. And again, the error in that matter was a much graver error than the failure to list a redundant address.

Instead, we find *State ex rel. S.M.*, 08-362 (La.App. 1 Cir. 7/9/08), 992 So.2d 1085, more analogous. There, the father asserted that because the Department of Social Services failed to attach a certified copy of the child's birth certificate to the motion to declare parental rights terminated, the order decreeing the child eligible for adoption should have been reversed. The first circuit disagreed, holding that while the required copy of the birth certificate was not properly attached to the motion, it was filed into the record elsewhere, prior to the motion to declare parental rights terminated. As the birth certificate had been filed into the record, it was available to the court to examine prior to its rendition of judgment, and no prejudicial error existed.

The basic consideration in an intrafamily adoption shall be the best interests of the child. La.Ch.Code art. 1255. When a court has granted custody to the child's grandparents, as here, there shall be a rebuttable presumption that this adoption is in the best interests of the child. *Id*. We note that J.L.B. does not dispute in any way the trial court's finding that the adoption of N.L.B. was in the best interests of the N.L.B., but his argument hinges solely on an alleged minor technical omission in the pleadings.

As noted above, while V.R.C.'s address is not specifically stated, it can be plainly inferred from the pleadings. Moreover, J.L.B. had known the grandparents

3

for years and specifically knew their living arrangements. He absolutely knew V.R.C.'s address and has set forth no issues with contacting her for service or the like. J.L.B. did not raise any issue regarding the sufficiency of the petition at the trial court below, further indicating the technical omission caused him no harm. Furthermore, as in *State ex rel. S.M.*, 992 So.2d 1085, V.R.C.'s address is listed elsewhere in the record before the trial court, on the Office of Community Services Child Abuse/Neglect Records Check form. We cannot find that the failure to list an address that J.L.B. fully knew arose to a prejudicial error, particularly when it could clearly be inferred from the language of the petition itself, where it could be found by the trial court elsewhere in the record, and especially where the adoption being in the best interest of the child remains unchallenged. We find no merit in this assignment of error.

Next, J.L.B. asserts that the trial court erred in granting the grandparents' petition for intrafamily adoption without considering his untimely filed opposition. Again, we disagree.

It is uncontroverted that J.L.B. was served the petition for adoption on June 24, 2022. Louisiana Children's Code Article 1137(A) (emphasis ours) states that a father:

> may oppose the adoption of his child by filing a clear and written declaration of intention to oppose the adoption. The notice of opposition **shall be filed with the court** . . . **within fifteen days** . . . **from the time he was served** with notice of the filing of an adoption petition.

It also is uncontroverted that fifteen days from service of the petition fell on July 9, 2022, a Saturday. Thus, J.L.B. had until the end of July 11, 2022, to properly file his opposition. "If no opposition is timely received by the court, the court **shall**,

4

upon motion, render an order declaring the rights of the parents terminated." La.Ch.Code art. 1142(A)(emphasis ours).

J.L.B. cites *Lloyd v. Monroe Transit Auth. ex rel. City of Monroe*, 50,292, p.8 (La.App. 2 Cir. 1/13/16), 185 So.3d 866, 870, *writ denied*, 16-277 (La. 4/8/16), 191 So.3d 585, for the proposition that "the fax transmission need not be received during regular working hours so long as a transmission occurred before midnight on the final date for the running of a prescriptive period." However, we find that prescription case distinguishable from the matter at hand, as issues with the clerk's fax machines prevented a proper transmission from occurring. No such issues occurred here. Similarly, in *Stevenson v. Progressive Sec. Ins. Co.*, 19-637 (La. 4/3/20), 341 So.3d 1202, also cited by J.L.B., the clerk turned off his fax machine prior to the midnight deadline, preventing what would have otherwise been a successful fax transmission. Again, the clerk here had no problems with his fax machine that prevented J.L.B. from timely filing. Instead, the issues here were of his own making.

Counsel for J.L.B. attempted to fax file the opposition multiple times, including three attempts on July 11. However, J.L.B.'s own evidence shows that all attempts were sent to an incorrect and/or incomplete phone number, and that the attempted facsimile filing was not transmitted to the clerk's office by the required time of midnight on July 11. J.L.B. never received the statutorily required fax confirmation receipt or statement of the fees for the facsimile filing, as no document was ever received by the clerk of court via fax - because none was ever properly submitted. Counsel for J.L.B. was clearly aware there was some issue with the fax, as the record clearly shows counsel knew the first attempt failed, and multiple attempts would not have been made on July 11 had they expected the fax

transmission to have been successful. However, no attempts were made to contact the clerk's office to clear up the issue, nor was there any attempt to physically deliver the opposition in a timely manner. Instead, the opposition was mailed to the clerk of court and was not received until July 15, 2022, clearly after the time allowed to file. "La. R.S. 13:850 provides that a filing is not deemed complete until the clerk of court **receives** the facsimile transmission." *Stevenson*, 341 So.3d at 1207 (emphasis ours). The clerk here simply never received any transmission, as none was ever properly sent. When the mailed copy arrived on July 15, it was clearly untimely. Again, "[i]f no opposition is timely received by the court, the court shall . . . render an order declaring the rights of the parents terminated." La.Ch.Code art. 1142(A). We can find no error in the decision of the trial court finding the opposition untimely.

For the above reasons,, the decision of the trial court granting the intrafamily adoption of N.L.B. is hereby affirmed. Costs of this appeal are hereby assessed against J.L.B.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.