JONATHAN EDWARDS

VERSUS

DG ECOMMERCE, LLC D/B/A DOLLAR
GENERAL AND XYZ INSURANCE
COMPANY

NO. 23-CA-189

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE FORTIETH JUDICIAL DISTRICT COURT
PARISH OF ST. JOHN THE BAPTIST, STATE OF LOUISIANA
NO. 78,378, DIVISION "C"
HONORABLE J. STERLING SNOWDY, JUDGE PRESIDING

January 31, 2024

**STEPHEN J. WINDHORST**
**JUDGE**

Panel composed of Judges Jude G. Gravois,
Stephen J. Windhorst, and Timothy S. Marcel

**<u>AFFIRMED</u>**
   **SJW**
   **JGG**
   **TSM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JONATHAN EDWARDS
Pius A. Obioha
Joseph R. Barbie, Sr.

**WINDHORST, J.**

Plaintiff/appellant, Jonathan Edwards, appeals the trial court's January 6, 2023 judgment sustaining the peremptory exception of prescription filed by defendant/appellee, DG Louisiana, LLC (incorrectly named DG Ecommerce, LLC), dismissing plaintiff's claim against defendant with prejudice. For the following reasons, we affirm the trial court's judgment.

**FACTS and PROCEDURAL HISTORY**

On August 17, 2022, Mr. Edwards filed a petition for damages against DG Ecommerce, LLC d/b/a Dollar General, alleging that he suffered injuries when he slipped in a puddle of water and fell at a Dollar Tree store in LaPlace, Louisiana on October 10, 2020. In a letter attached to this petition, plaintiff's counsel stated that he was refiling this petition, which was originally e-filed in the Fortieth Judicial District Court on September 28, 2021 via the court's e-filing software, Clerk Connect. Counsel enclosed an e-mail confirmation from Clerk Connect and asserted that the e-mail confirmed that the e-filing process for the petition for damages for this case had been completed and the case had been assigned #105788.[1] Counsel also enclosed a copy of a screenshot of the civil e-filing portal allegedly showing the submission number and the date of the e-filing of the petition for damages. In the letter, counsel asserted that he did not receive notice from the Fortieth Judicial District Clerk of Court's Office that the e-filing of the petition had been rejected.

With regard to plaintiff's counsel learning the petition had been rejected, he stated the following:

> Recently we contacted the clerk's office to inquire about service and gave the submission number. Ms. Andrenese Thomas of your office, after checking the records, informed us that the submission number showed that the petition for damages was filed on September 28, 2021. However, there was a rejection which was never sent to our office so that we could promptly rectify the issue. If the rejection

---

[1] The September 28, 2021 e-mail was sent to Pius Obioha, counsel for plaintiff/appellant, from clerkConnect@softwareservices.net. The subject of the e-mail is "Clerk Connect E-Filing." It states "E-Filing Submission#105788" and "Documents Filed."

notification was never sent to our office or brought to our attention, there was no way of us knowing about any rejection of the e-filing of the petition for damages Lawsuit. As a result of the lack of notice of any rejection, Plaintiff's counsel truly and strongly believed that the petition for damages as well as the Lawsuit was processed, and service on the defendants was perfected, as was requested when the petition for damages was timely filed on September 28, 2021.

In response to the August 17, 2022 petition, defendant filed a peremptory exception of prescription, asserting that plaintiff's claim had prescribed because the petition was filed more than one year after the alleged October 10, 2020 incident occurred. Plaintiff opposed the exception of prescription, arguing that he had timely e-filed his petition on September 28, 2021 via the Fortieth Judicial District Court's electronic filing system, Clerk Connect, and that an error in the electronic filing system required him to refile the petition. Plaintiff argued that the error in the electronic filing was not something he could prevent and that it may have been attributable to Hurricane Ida damage, which had occurred the previous month in August 2021. Plaintiff attached to his opposition the same documents he had enclosed with his petition relative to the alleged electronic filing of the petition (*i.e.*, the e-mail confirming the electronic filing of the petition for damages and the screenshot of the civil filing portal showing case number and date e-filed).

At a hearing on December 20, 2022, defendant argued that plaintiff's exhibits did not show that he had previously e-filed his petition for damages on September 28, 2021. Specifically, defendant pointed out that the e-mail allegedly confirming the e-filing of plaintiff's petition did not reference this or any specific case by name or docket number, and thus, did not support the claim that a petition for damages had been e-filed on plaintiff's behalf on September 28, 2021. Consequently, defendant argued that plaintiff's petition for damages filed on August 17, 2022 was prescribed.

In response, plaintiff's counsel argued that he had timely e-filed a petition, but that it was not e-filed on September 28, 2021 due to a malfunction in the electronic filing system and/or in the clerk of court's office. Counsel asserted that in fairness,

the alleged malfunction should not prevent plaintiff from having his day in court. Plaintiff submitted his exhibits into evidence, and the court accepted them.

At the hearing, the trial court stated that plaintiff needed at least some baseline proof of a malfunction to prevent it from sustaining defendant's exception of prescription. The trial court informed plaintiff's counsel that the evidence admitted was insufficient to meet the standard required to show that he had attempted to timely file the petition, and that a malfunction in the electronic filing system prevented plaintiff's September 28, 2021 petition from being e-filed. As a result, the trial court sustained defendant's exception of prescription at the hearing and rendered a written judgment on January 6, 2023.

Plaintiff filed a motion for new trial and/or motion for reconsideration of the judgment of prescription ("motion for new trial"), requesting that the court vacate its judgment sustaining the exception of prescription. Plaintiff argued that since the judgment was rendered, he had contacted Software & Services, the entity responsible for accepting e-filings for the Fortieth Judicial District Court, and learned that it had no record of sending an automatic rejection notice to plaintiff's counsel relative to the September 28, 2021 e-filing. Plaintiff attached to his motion for new trial self-serving unsworn "declarations" from Pius Obioha and Chris Fontenot, the attorneys involved in handling this case. In his "declaration," Pius Obioha claimed that on September 28, 2021, his office e-filed a petition for damages on plaintiff's behalf through the Fortieth Judicial District Court's electronic filing system, Clerk Connect; that his office received an e-mail confirmation of the e-filing with submission #105788; that his office never received a rejection notice regarding the e-filing; that the Clerk of Court's Office for the Fortieth Judicial District Court does not have any evidence of the issuance of an automatic rejection notice; and that equipment failure may have played a major role in the breakdown of the electronic filing system. Chris Fontenot's "declaration" claimed that Software & Services

confirmed that it had no digital record of sending a rejection notice to plaintiff's counsel. Regardless, neither of these "declarations" were introduced into evidence, and were both dated after the exception of prescription was sustained.

The trial court denied plaintiff's motion for new trial, finding that plaintiff failed to prove that he properly e-filed the petition or that no rejection notice was received. The court also concluded that plaintiff had discovered no "evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial." See La. C.C.P. art. 1972.

This appeal followed.

**LAW and ANALYSIS**

In this appeal, plaintiff asserts the trial court erred in sustaining defendant's exception of prescription when plaintiff interrupted prescription by timely e-filing a petition. Plaintiff asserts that the rejection of the petition due to a malfunction in the electronic system should not be attributable to him, particularly because he did not receive notice of the rejection.

Ordinarily, the burden of proving prescription lies with the party raising the exception, but when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. Desi v. Thomas Jefferson Constr. Corp., 19-502 (La. App. 5 Cir. 10/5/20), 304 So.3d 1068, 1071-72. Evidence may be introduced to support or controvert an exception of prescription. La. C.C.P. art. 931. When no evidence is introduced at the hearing on the exception, the appellate court simply determines whether the trial court's finding was legally correct. In re Med. Review Panel of Gerard Lindquist, 18-444 (La. App. 5 Cir. 5/23/19), 274 So.3d 750, 754, writ denied, 19-01034 (La. 10/1/19), 280 So.3d 165. When evidence is introduced at a trial on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error or clearly wrong standard. Id. at 1072.

An appellate court cannot set aside a trial court's finding of fact in the absence of "manifest error," or unless it is clearly wrong. Stobart v. State, 617 So.2d 880, 882 (La. 1993). There is a two-part test for reversal of a factfinder's determinations: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong. Coleman v. Ace Prop. & Cas. Ins. Co., 19-305 (La. App. 5 Cir. 11/27/19), 284 So.3d 1262, 1268. We review the facts, not to determine whether the trial court was right or wrong, but whether the conclusion was a reasonable one. Id.; Troxclair v. Liberty Pers. Ins. Co., 17-520 (La. App. 5 Cir. 2/21/18), 239 So.3d 1067, 1069.

Plaintiff's tort suit is subject to the one-year liberative prescription for delictual actions, commencing the day the injury or damage is sustained. La. C.C. art. 3492. As reflected in the petition, the accident giving rise to plaintiff's suit occurred on October 10, 2020. Therefore, the petition filed on August 17, 2022 was prescribed on its face. Consequently, plaintiff bore the burden of proof to show that the suit was not prescribed. Carter v. Haygood, 04-0646 (La. 1/19/05), 892 So.2d 1261, 1267.

Prescription is interrupted when the obligee commences an action against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. An individual commences a civil action by filing a pleading presenting the demand in a court of competent jurisdiction. La. C.C.P. art. 421. A pleading or document filed electronically is deemed filed on the date and time stated on the confirmation of electronic filing sent from the system, if the clerk of court accepts the electronic filing. La. C.C.P. art. 253 B.

Plaintiff asserts that he complied with the requirements of La. C.C.P. art. 253 B, and that his petition for damages should be deemed timely e-filed. He argues that

an electronic error in the e-filing system not attributable to him should not result in the prescription of his claim.

Plaintiff argues that the <u>Stevenson v. Progressive Sec. Ins. Co.</u>, 19-637 (La. 4/3/20), 341 So.3d 1202, case supports his position. In the <u>Stevenson</u> case, the Louisiana Supreme Court found that plaintiffs' attempts to fax file their petition with the clerk of court prior to midnight on the last day of the prescriptive period were sufficient to interrupt prescription. <u>Id.</u> at 1208. Plaintiff therein was unable to file his petition because the court turned off its fax machine when it closed, but evidence showed that there were attempts to file before midnight. The transmission was confirmed as received the following morning and the suit was successfully filed. The <u>Stevenson</u> court agreed with the reasoning of the court in <u>Lloyd v. Monroe Transit Auth. ex rel. City of Monroe</u>, 50,292 (La. App. 2 Cir. 1/13/16), 185 So.3d 866, <u>writ denied</u>, 16-277 (La. 4/8/16), 191 So.3d 585, which addressed a substantially similar situation and reached the same conclusion, *i.e.*, that attempts were made to file, but were unsuccessful due to the fax machine being turned off at the close of business.

In <u>Lloyd</u>, plaintiff attempted to fax file a petition on the last date of the prescriptive period, but the transmission was not confirmed as received by the clerk of court's fax machine until the next morning. 185 So.3d at 866-67. Plaintiff's counsel attempted a fax filing beginning at 4:24 p.m., before the end of the business day, and continued to try to file the petition into the evening. <u>Id.</u> The transmission was not confirmed until the following day because it was the clerk of court's policy to turn off the fax machine at the close of regular business hours at 4:30 p.m. <u>Id.</u> In finding the suit timely, the court explained that a fax transmission need not be received during regular working hours so long as a transmission occurred before midnight on the final date for the running of the prescriptive period. <u>Id.</u> at 870.

In this case, plaintiff presented no documentation to the trial court that shows a petition for damages was e-filed regarding his case on September 28, 2021. The e-mail on which plaintiff relies to establish the September 28, 2021 e-filing does not reference a specific case or the type of pleading allegedly e-filed. The e-mail contains nothing to suggest that it pertains to this case, much less that it confirms the e-filing of a petition for damages. There is also no evidence from the Fortieth Judicial District Clerk of Court indicating any record of an e-filing or attempted e-filing regarding this case on the alleged date of e-filing.

In addition, plaintiff offered no suggestion that he made any payment for the e-filing of the alleged September 21, 2021 petition. In fact, the exhibits which he introduced show that "$0.00" court costs or expenses were paid on plaintiff's file. Further, plaintiff counsel claims that he first discovered that the petition had not been filed when he allegedly checked whether service had been made some eleven months after the alleged attempt to file on September 28, 2021. We find no evidence to support that a there was any genuine attempt to timely e-file the petition. In fact, plaintiff's exhibits and the circumstances indicate the contrary.

We therefore agree with the trial court's conclusion that plaintiff failed to show that he attempted to e-file this identical case within the prescriptive period, or that any attempted e-filing was rejected due to malfunction in the court's electronic filing system.

The <u>Stevenson</u> and <u>Lloyd</u> cases are distinguishable from the facts in this case. In <u>Stevenson</u> and <u>Lloyd</u>, the petitions were actually filed the day after the last day of the prescriptive period, and there was sufficient evidence of counsel's attempts to file within the prescriptive period. Here, plaintiff's counsel refiled the petition eleven months after the expiration of the prescriptive period. In addition, plaintiff's counsel made no effort to follow up regarding the alleged initial filing until several months later. Moreover, plaintiff's counsel offered no testimony or evidence from

a clerk of court employee to support that a malfunction or error in the electronic filing system and/or clerk of court's office itself caused the September 28, 2021 petition to not be properly e-filed or his assertion that he followed the e-filing procedures.

Considering the foregoing, we find no manifest error in the trial court's judgment sustaining defendant's exception of prescription and dismissing plaintiff's claim.

**DECREE**

For the reasons stated herein, we affirm the trial court's judgment sustaining defendant's exception of prescription and dismissing plaintiff's claim.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
<u>JANUARY 31, 2024</u> TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-CA-189

**E-NOTIFIED**
40TH DISTRICT COURT (CLERK)
HONORABLE J. STERLING SNOWDY (DISTRICT JUDGE)
PIUS A. OBIOHA (APPELLANT)          SHANNON O. HARRISON (APPELLEE)

**MAILED**
MICHAEL L. BALLERO (APPELLEE)       JOSEPH R. BARBIE, SR. (APPELLANT)
TREVOR C. DAVIES (APPELLEE)         ATTORNEY AT LAW
ATTORNEY AT LAW                     1550 NORTH BROAD STREET
1340 POYDRAS STREET                 NEW ORLEANS, LA 70119
SUITE 2000
NEW ORLEANS, LA 70112